UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,

                                              No. 03-cr-8 (JNE/FLN)
v.                                            No. 07-cv-1207 (JNE)
                                              ORDER
Peter George Noe,

                    Defendant.

       This case is before the Court on Defendant Peter George Noe's motion to alter or amend

the Court's 2007 order denying his petition for a writ of habeas corpus.  ECF No. 323.  For the

reasons discussed below, the motion is denied.


                                    **Background**

       Noe was convicted by a jury of conspiracy to distribute methamphetamine and marijuana

and sentenced to 480 months imprisonment in 2004.  Noe appealed, and the Eighth Circuit

affirmed.  *U.S. v. Noe*, 411 F.3d 878 (8th Cir. 2005).

       In 2007, Noe filed a petition under 28 U.S.C. § 2255 seeking to vacate his sentence on

the ground that he had received ineffective assistance of counsel from his trial attorney, Al

Garcia.  ECF No. 270.  Noe was represented on this habeas petition by Howard Kieffer, who had

obtained pro hac vice admission, and local counsel Rick Mattox.  The Court[1] denied Noe's

motion without an evidentiary hearing and granted him a certificate of appealability on two of

the ineffective assistance issues he had raised.  ECF No. 285.

_____

[1]       Noe's trial, sentencing, and § 2255 motion were handled by the Honorable James. M.
Rosenbaum, United States District Judge, who has since retired.

Noe appealed that habeas denial to the Eighth Circuit.  While the appeal was pending in 2008, the Eighth Circuit "learned that an individual named Howard Kieffer had been practicing law in the federal courts without a license and requested that Kieffer respond to these allegations. Upon his failure to do so, Kieffer was removed from Noe's habeas case and new counsel was appointed to represent Noe."  *Noe v. U.S.*, 601 F.3d 784, 788 (8th Cir. 2010).

With that new counsel, Noe pursued his appeal of the denial of his § 2255 motion.  In light of the developments with Kieffer, Noe made an additional argument to the Eighth Circuit that he was "entitled to an evidentiary hearing to examine . . . the responsibility for the lack of evidentiary support [for his claim that Garcia was ineffective] stemming from Kieffer's appearance as counsel pro hac vice in the habeas proceeding in the district court.  *Id.* at 792.

In 2010, the Eighth Circuit rejected all of Noe's arguments and affirmed the denial of his § 2255 petition.  *Id.*  In that decision, the Eighth Circuit specifically addressed and rejected Noe's argument regarding Kieffer's role in the habeas proceeding before this Court:

> Noe's argument that, in light of Kieffer's deceptions, he is entitled to a hearing to ensure a full and fair adjudication of his claims fails because "[t]here is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings." *Abdullah v. Hedrick,* 392 F.3d 957, 964 (8th Cir.2004).  "Where there is no constitutional right to counsel there can be no right to effective assistance of counsel." *Pollard v. Delo,* 28 F.3d 887, 888 (8th Cir. 1994).  Because the petition, briefs, and record conclusively show that Noe is not entitled to § 2255 relief, the district court did not abuse its discretion in denying his petition without an evidentiary hearing.

*Id.*

In March of 2014, Noe filed pro se the motion that is currently before the Court.  ECF No. 323.  The Government has responded in opposition.  ECF No. 325.

### Discussion

With this motion, Noe "moves the Court to alter and amend the Court's memorandum opinion and order dated December 20, 2004[2] [sic] (doc. No. 285) pursuant to Federal Rule of Civil Procedure (FRCP) 60(b)."  ECF No. 323 at 1.  In support, Noe argues that the integrity of his § 2255 proceeding before this Court was undermined by Kieffer's misconduct.  As a result, he argues, the Court should rescind the December 2007 order in which it denied his § 2255 petition without an evidentiary hearing and allow him to relitigate his claim for relief under a "less stringent standard" for pro se petitioners.  *Id.* at 8.

Of course, in appealing the Court's December 2007 order, Noe already made the same argument to the Eighth Circuit, which flatly rejected it "because there is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings."  *Noe*, 601 F.3d at 792 (internal quotation omitted).  Noe thus spends the bulk of his motion arguing that he *did* have a Sixth Amendment right to the effective assistance of counsel on his § 2255 petition.  He asserts that "[t]he question presented by the instant motion is whether the Movant is constitutionally entitled to counsel on motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. section 2255 when the section 2255 proceeding is used as a vehicle for resolving claims channeled from direct review where the constitutional right to counsel has previously attached."  ECF No. 323 at 9.  Noe characterizes this as "an open question of law [that] should be decided in the affirmative . . . ."  *Id.*

It is therefore clear that Noe's current motion is a direct challenge to the Eighth Circuit's 2010 decision.  The appropriate method for challenging that decision would have been to file a

---

[2]      This is a typographical error.  From the content of Noe's motion, it is clear that the memorandum and order he seeks to alter or amend is the Court's denial of his § 2255 motion, which was issued on December 20, 2007.

petition for a writ certiorari with the Supreme Court.  A motion directed to this Court under Rule 60 more than four years later does not substitute.

Based on the files, records, and proceedings herein, and for the reasons discussed above,

IT IS ORDERED THAT:

1.  Defendant's Motion to Alter or Amend the Court's Memorandum Opinion and Order Pursuant to Federal Rules of Civil Procedure 60(b) [ECF No. 323] is DENIED.

Dated: April 30, 2014                          s/Joan N. Ericksen
                                               JOAN N. ERICKSEN
                                               United States District Judge