UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

   Plaintiff,

v.

Peter George Noe,

   Defendant.

Case No. 03-cr-08 (JNE) (1)
Case No. 24-cv-500 (JNE)
ORDER

  In 2003, a jury found Defendant guilty of conspiring to distribute methamphetamine and conspiring to distribute marijuana. The Court sentenced him to 480 months' imprisonment. Defendant appealed. The United States Court of Appeals for the Eighth Circuit affirmed. *United States v. Noe*, 411 F.3d 878 (8th Cir. 2005).

  In 2007, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Court denied the motion and issued a certificate of appealability. Defendant appealed. The Eighth Circuit affirmed. *Noe v. United States*, 601 F.3d 784 (8th Cir. 2010). It has since declined on several occasions to authorize Defendant to file a second or successive § 2255 motion.

  Since the Eighth Circuit affirmed the denial of Defendant's § 2255 motion, the Court has denied several of his motions, including (1) a motion to alter or amend under Rule 60 of the Federal Rules of Civil Procedure [Docket No. 323]; (2) a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) [Docket Nos. 328 & 330]; (3) a motion for discovery [Docket No. 348]; (4) a motion to reduce sentence [Docket No. 368]; (5) a motion for a writ of audita querela or to reconsider the denial of his motion under

1

§ 3582(c)(2) [Docket No. 409]; and (6) a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 441]. In addition, the Court denied several requests by Defendant for appointment of counsel, and the Court dismissed Defendant's motion to amend sentence [Docket No. 359] as an unauthorized second or successive § 2255 motion.

The case is before the Court on several motions: (1) Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 494]; (2) Defendant's § 2255 motion [Docket No. 501]; (3) Defendant's motion to supplement his § 3582(c)(1)(A) motion [Docket No. 504]; (4) Defendant's motion for leave to conduct discovery [Docket No. 509]; (5) the government's motion to dismiss Defendant's § 2255 motion [Docket No. 516]; (6) Defendant's motion for an order regarding the government's response to his § 2255 motion [Docket No. 525]; and (7) Defendant's motion for appointment of counsel [Docket No. 526]. For the reasons set forth below, the Court denies Defendant's § 3582(c)(1)(A) motion. The Court dismisses in part and denies in part his § 2255 motion.

I.  **Section 3582(c)(1)(A)**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Exceptions to the general rule that a court "may not modify a term of imprisonment once it has been imposed" appear in 18 U.S.C. § 3582(c), which states:

2

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A); *see United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1002 (8th Cir. 2023). The defendant bears the burden to demonstrate that a sentence reduction is warranted. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

The Sentencing Commission's policy statement regarding a reduction in a term of imprisonment under § 3582(c)(1)(A) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Defendant asserted that he received an unusually long sentence, that he has served more than 10 years of his term of imprisonment, and that the law has changed such that there is a gross disparity between the sentence being served

3

and the sentence likely to be imposed when he filed the motion. Arguing that § 1B1.13(b)(6) is invalid and that Defendant "does not qualify for a sentence reduction under the plain terms of § 1B1.13(b)(6)," the government opposed Defendant's § 3582(c)(1)(A) motion. The Court assumes without deciding that § 1B1.13(b)(6) is valid and considers whether Defendant satisfies its requirements.

    A.    **21 U.S.C. § 851 Enhancement**

In Count 1 of the Superseding Indictment, Defendant was charged with conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. In Count 9 of the Superseding Indictment, he was charged with conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Before trial, the government filed a Sentencing Enhancement Information Pursuant to 21 U.S.C. § 851(a)(1), which states that the government intends to rely on Defendant's "May 26, 2000 conviction for a second degree controlled substance offense in Mower County, Minnesota, for which he was sentenced to 22 months of confinement," to enhance "his sentence in this case in the event he is convicted." The Sentencing Enhancement Information increased the mandatory minimum on Count 1 from 10 years to 20 years, the mandatory minimum on Count 9 from 5 years to 10 years, and the statutory maximum on Count 9 from 40 years to life. At trial, he was found guilty on each count. The Court sentenced him to 480 months' imprisonment on each count, to be served concurrently.

Defendant asserted that recently enacted Minnesota legislation, *see* Minn. Stat. §§ 609A.055 (automatic expungement of certain cannabis offenses), .06 (expungement and resentencing of felony cannabis offenses), requires that his May 2000 conviction be

vacated. He acknowledged that the conviction has not been vacated. Citing two handguns involved in the offense, the government doubted Defendant's eligibility for relief.

Defendant's May 2000 conviction has not been expunged under the recent Minnesota legislation.[1] Even if it were, its expungement likely would not affect the enhancement. *See United States v. Williams*, 616 F.3d 760, 766 n.3 (8th Cir. 2010); *United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008). Defendant's sentence on each count is within the range he faced without the enhancement. Defendant has not demonstrated that the recent Minnesota legislation constitutes a change in the law that "would produce a gross disparity" within the meaning of U.S.S.G. § 1B1.13(b)(6).

In addition to the recent Minnesota legislation, Defendant cited *United States v. Gonzalez-Reyes*, 535 F. App'x 592 (9th Cir. 2013), to support his assertion that his § 851 enhancement is not valid. In *Gonzalez-Reyes*, the Ninth Circuit considered whether a conviction under Minn. Stat. § 152.021, subd. 1(1), constitutes a "drug trafficking offense" under the sentencing guidelines. 535 F. App'x at 592-93. The case does not address whether Defendant's § 851 enhancement is valid. *Cf. United States v. Bynum*, 669 F.3d 880, 886 (8th Cir. 2012) ("We similarly reject Bynum's argument that the ACCA's definition of 'serious drug offense' should be interpreted narrowly to conform to the sentencing guidelines' definitions of 'controlled substance offense' and 'drug

---

[1] Defendant moved to supplement his § 3582(c)(1)(A) motion with an order of the Minnesota District Court, Third Judicial District. The Court grants the motion to supplement. In the order, the state court denied Defendant's motion to vacate or to expunge his May 2000 conviction.

trafficking offense.'"). Defendant has not demonstrated that *Gonzalez-Reyes* constitutes a change in the law that "would produce a gross disparity" within the meaning of U.S.S.G. § 1B1.13(b)(6).

    **B.    Amendments to Sentencing Guidelines**

Defendant cited amendments to the sentencing guidelines—Amendment 782 and Amendment 821—to support his assertion that an extraordinary and compelling reason for a sentence reduction exists. Having previously denied Defendant's motions for sentence reductions based on Amendment 782 and Amendment 821, *see* 18 U.S.C. §3582(c)(2), the Court rejects his argument that the amendments constitute changes in the law that "would produce a gross disparity" within the meaning of U.S.S.G. § 1B1.13(b)(6).[2]

    **C.    Time Credits**

Defendant asserted that the First Step Act of 2018 allows an inmate to earn more time credits for participating in programs, that his presentence investigation report contains errors, and that he would earn more time credits if the errors were corrected. Defendant has not demonstrated that the First Step Act's provisions regarding time credits constitute a change in the law that "would produce a gross disparity" within the meaning of U.S.S.G. § 1B1.13(b)(6).

---

[2]    As part of his § 3582(c)(1)(A) motion, Defendant argued that there are errors in his presentence investigation report. The argument is not properly before the Court. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020).

II.   **Section 2255**

    A.   **Defendant's § 2255 Motion**

Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A motion under § 2255 is not a substitute for a direct appeal . . . ." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Section 2255 "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

Defendant asserted two claims in his § 2255 motion. In the first, he stated that a state court "vacated/expunged two of [his] priors that were used to enhance [his] sentence." In the second, Defendant stated that the state court "vacated/expunged two of [his] priors" and that "there are <u>numerous</u> errors" in his presentence investigation report. He maintained that the claims are timely under § 2255(f)(4). He asked to be resentenced based on a criminal history that excludes the "vacated/expunged" convictions and that

7

corrects the alleged errors. The government moved to dismiss Defendant's § 2255 motion as an unauthorized successive § 2255 motion. *See* 28 U.S.C. § 2255(h). The government maintained that Defendant's claims are not cognizable under § 2255 and that he did not diligently pursue his challenge to his two convictions.

"[A] federal prisoner must receive certification from the court of appeals to file a 'second or successive' § 2255 motion." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). In 2019, Defendant moved the Eighth Circuit to authorize him to file a successive § 2255 motion that essentially asserts the same claim as the one made here. The Eighth Circuit denied his motion for authorization. *Noe v. United States*, No. 19-2576 (8th Cir. Sept. 13, 2019). Insofar as Defendant's § 2255 motion is based on his assertion that there are errors in his presentence investigation report, the Court grants the government's motion to dismiss and dismisses Defendant's § 2255 motion as an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

"[N]ot every § 2255 motion filed second in time requires certification." *Sellner*, 773 F.3d at 930. Insofar as Defendant's § 2255 motion is based on the expungement in early 2024 by Minnesota's Third Judicial District, Mower County, of two of his prior convictions,[3] his § 2255 motion "is not second or successive to his earlier § 2255 motions because his present claim had not yet arisen" at the time of the earlier § 2255 motions. *Deroo v. United States*, 709 F.3d 1242, 1244 (8th Cir. 2013); *see Darville v. United*

---

[3]   The convictions—one in 2000 for criminal damage to property, the other in 2001 for assault—were not vacated.

8

*States*, 447 F. App'x 94, 95 (11th Cir. 2011) (per curiam). Accordingly, the Court denies in part the government's motion to dismiss.

Defendant asserted that his claim is timely under 28 U.S.C. § 2255(f)(4), which states that "[a] 1-year period of limitation" runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." "To be entitled to invoke the statute of limitations contained in section 2255(f)(4), we have said that a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." *Deroo*, 709 F.3d at 1245. Defendant petitioned to expunge the two convictions almost twenty years after the date of judgment in this case.[4] He has not demonstrated that he acted with the requisite diligence. *See id.* at 1245-46. Insofar as his § 2255 motion is based on the expungement of two of his convictions, the Court denies Defendant's § 2255 motion as untimely. Even if it were timely, the claim would fail. *See United States v. Nelson*, 589 F.3d 924, 925-26 (8th Cir. 2009) (per curiam); *United States v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005).

For these reasons, the Court dismisses in part and denies in part Defendant's § 2255 motion without an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). The Court denies his motion for appointment of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987); *McCall v. Benson*, 114 F.3d

---

[4]  In 2018, the state court denied Defendant's petition to expunge the two convictions.

754, 756 (8th Cir. 1997). The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).

      **B.**      **Discovery**

Defendant moved for leave to conduct discovery. He sought certain records related to his criminal history. "A judge may, for good cause, authorize a party to conduct discovery . . . ." Rule 6(a) of the Rules Governing Section 2255 Proceedings. "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (alterations in original) (citation omitted) (applying Rule 6(a) of the Rules Governing Section 2254 Proceedings). Defendant has not shown that the requested discovery may entitle him to relief. Accordingly, the Court denies his motion for discovery.

      **C.**      **Defendant's Motion for an Order Regarding the Government's Response to His § 2255 Motion**

Asserting that he did not receive a copy of the government's response to his § 2255 motion, Defendant moved for a copy of the government's response and an extension of his deadline to file a reply. Before Defendant filed the motion, the Court ordered the government to serve its response on him and granted Defendant an extension of time to file his reply. Defendant subsequently received the government's response and filed a timely reply. The Court denies as moot Defendant's motion for an order regarding the government's response to his § 2255 motion.

### III.  Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 494] is DENIED.

2. Defendant's § 2255 motion [Docket No. 501] is DISMISSED IN PART and DENIED IN PART.

3. Defendant's motion to supplement his § 3582(c)(1)(A) motion [Docket No. 504] is GRANTED.

4. Defendant's motion for leave to conduct discovery [Docket No. 509] is DENIED.

5. The government's motion to dismiss Defendant's § 2255 motion [Docket No. 516] is GRANTED IN PART and DENIED IN PART.

6. Defendant's motion for an order regarding the government's response to his § 2255 motion [Docket No. 525] is DENIED.

7. Defendant's motion for appointment of counsel [Docket No. 526] is DENIED.

8. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 2, 2024

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge