UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Peter George Noe,

        Defendant.

Case No. 03-cr-08 (JNE) (1)
ORDER

This case is before the Court on Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[1] He sought a reduction of his sentence from 480 months' imprisonment to 360 months' imprisonment. For the reasons set forth below, the Court denies Defendant's motion.

"A prison sentence, once imposed, usually cannot be modified by the district court. But Congress has established several narrow exceptions to this rule. One exception . . . permits the court to reduce a term of imprisonment if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'" *Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026) (citation omitted) (quoting § 3582(c)(1)(A)). The defendant bears the burden to demonstrate that a sentence reduction is warranted. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

---

[1] After he filed his § 3582(c)(1)(A) motion, Defendant moved to amend it. Later, he filed an "emergency motion to amend the pending 3582(c)(1)(A) motion and/or motion under 3582(c)(1)(A)," which the Court regards as a motion to amend. The motions to amend are granted.

To support his assertion that there are extraordinary and compelling reasons to reduce his sentence, Defendant relied on nonretroactive amendments to the sentencing guidelines, a sentence reduction that a co-defendant received, and family circumstances. The nonretroactive amendments to the sentencing guidelines do not constitute extraordinary and compelling reasons to reduce Defendant's sentence. *See United States v. Loggins*, No. 24-1488, 2026 WL 1994093, at *3 (8th Cir. July 10, 2026); U.S.S.G. § 1B1.13(c). That a co-defendant's sentence was reduced under 18 U.S.C. § 3582(c)(2) does not constitute an extraordinary and compelling reason to reduce Defendant's sentence. *See United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (per curiam). Finally, Defendant provided no evidence to support his assertion that his family circumstances constitute extraordinary and compelling reasons for a sentence reduction. *See Avalos Banderas*, 39 F.4th at 1062; U.S.S.G. § 1B1.13(b)(3)(C). The Court denies Defendant's motion for a sentence reduction.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Defendant's motion for a sentence reduction [Docket No. 590] is DENIED.

2.    Defendant's motions to amend [Docket Nos. 594 & 602] are GRANTED.

Dated: July 20, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

2